Christopher A. DeGennaro, Esq. (NJ Bar No. 163342015)
Robert Weisbein, Esq (*pro hac vice* admission to be sought)
Arian Jabbary, Esq. (*pro hac vice* admission to be sought)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
E-mail:     <cdegennaro@foley.com>
            <rweisbein@foley.com>
            <ajabbary@foley.com>

*Attorneys for Team Beans, L.L.C.*
   *d/b/a Forever Collectibles*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAM BEANS, L.L.C.,<br>D/B/A FOREVER COLLECTIBLES<br><br>Plaintiff,<br><br>*v.*<br><br>GV ART AND DESIGN LLC,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADE DRESS** |

Plaintiff, Team Beans, L.L.C., d/b/a Forever Collectibles, by its attorneys, Foley & Lardner LLP, for its Complaint for declaratory judgment of non-infringement of trade dress, alleges as follows:

**Nature of the Action**

1.    This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, arising from a dispute in which Defendant GV Art & Design LLC ("**GV Art**") has accused Plaintiff Team Beans, L.L.C. d/b/a Forever Collectibles ("**FOCO**") of infringing unspecified "trade dress" rights in various graphics appearing on T-shirts marketed and

sold by FOCO. GV Art alleges that FOCO's Nation, Circle Vintage, Triangle Vintage, and Retro

Logo Mascot T-Shirt collections violate GV Art's purported trade dress and constitute "Unfair

Competition" under § 43(a) of the Lanham Act and the Ohio Deceptive Trade Practices Act. In its

demand letter to FOCO dated September 25, 2025, GV Art threatened litigation and further by

email on October 17, 2025 to FOCO demanded that it remove the accused products from

commerce and pay GV Art a highly inflated and unreasonable lumpsum for alleged damages,

warning that this amount would increase significantly if GV Art filed suit.

2.      FOCO denies that it has violated any trade dress, trademark, unfair competition, or

other intellectual property rights held by GV Art. The designs at issue are ornamental

sports-themed graphics incorporating officially licensed collegiate and professional team names,

logos, and mascots – graphic styles and arrangements that are widely used and common in the

licensed merchandise industry. As a matter of law, such ornamental designs do not function as

"trade dress" within the meaning of the Lanham Act, are not distinctive, and cannot serve as source

identifiers for GV Art or any other party. FOCO sells these products under its own brand name,

through authorized retail channels, and in compliance with its licensing agreements with the

relevant teams and leagues.

3.      FOCO has repeatedly sought clarification from GV Art as to the elements of its

alleged trade dress, but GV Art has continuously refused to provide any such elements, instead

escalating to monetary demands and litigation threats. GV Art's refusal to identify its alleged trade

dress, coupled with its demand for an inflated monetary payment ultimatum and stated intent to

sue, creates an actual and justiciable controversy. FOCO therefore brings this action to obtain

judicial declarations that: (i) GV Art owns no protectable trade dress in the designs at issue; (ii)

FOCO's products do not infringe any of GV Art's alleged trade dress rights under the Lanham

2

Act; and (iii) FOCO's conduct does not constitute unfair competition under the Lanham Act or the Ohio Deceptive Trade Practices Act.

4.      Declaratory relief is necessary to resolve the parties' dispute, to protect FOCO from meritless intellectual property claims, and to permit FOCO to continue lawfully marketing its licensed merchandise without interference from GV Art's unfounded allegations.

## Parties, Jurisdiction, and Venue

5.      Plaintiff, Team Beans, L.L.C. d/b/a Forever Collectibles, is a Delaware limited liability company with its principal place of business at 444 Hoes Lane, Building 6, Box 25, Piscataway, New Jersey 08854.

6.      Upon information and belief, Defendant, GV Art & Design LLC, is an Ohio limited liability company with its principal place of business located at 17128 Detroit Road, Lakewood, OH 44107.

7.      This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically 15 U.S.C. § 1125 and 28 U.S.C. §§ 2201–2202.

8.      GV Art is subject to personal jurisdiction in New Jersey because its allegations of trade dress infringement are directed at FOCO, a New Jersey-based business, regarding products designed, marketed, and sold from New Jersey; GV Art's threats of litigation and monetary demands have caused harm to FOCO in New Jersey.

9.      This Court has personal jurisdiction over Defendant because, upon information and belief, through its interactive website at www.gvartwork.com it advertises, promotes, offers, and

sells apparel, accessories, and artwork some of which bear its alleged "trade dress" at issue in this dispute in New Jersey.

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant. FOCO is a Delaware limited liability company with its principal place of business in New Jersey. Upon information and belief, GV Art is an Ohio limited liability company with its principal place of business in Ohio. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as damages resulting in Defendant's alleged trade dress claims exceed this amount.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action, including FOCO's design, development, and marketing of the accused products, as well as receipt of GV Art's demand letter, occurred in this district.

13.     Alternatively, venue is proper in this judicial district under 28 U.S.C. § 1391(c) because there is no judicial district in which an action may otherwise be brought and Defendant is subject to personal jurisdiction in this judicial district.

## I. FOCO Business

14.     Founded in 1998, FOCO has grown for more than two decades into one of the leading designers, manufacturers, and distributors of licensed sports and entertainment merchandise in the United States.

15.     FOCO's diverse product line includes apparel, accessories, home décor, toys, collectibles, and novelty items, which it sells through its own website, FOCO.com, as well as leading sports merchandise retailers, department stores, and online marketplaces. FOCO holds licenses from major professional sports leagues, including the National Football League, National Basketball Association, Major League Baseball, National Hockey League, and the National Collegiate Athletic Association, along with licenses from numerous individual universities and entertainment properties.

16.     Under these licenses, FOCO is authorized to use official team names, logos, mascots, and other protected names and trademarks on its merchandise. FOCO's relationship with these licensors requires compliance with their strict brand guidelines and quality control standards.

17.      FOCO's apparel incorporate illustrations and other designs featuring these licensed team and league names and trademarks with decorative, ornamental graphic layouts that reflect common styles and trends in the licensed sports merchandise industry. FOCO maintains a creative team that develops new styles each season, drawing inspiration from widely used industry motifs such as geometric framing elements (circles, triangles, etc.), slogans and catchphrases ("[TEAM NAME] Nation"), and nostalgic "retro" mascot artwork. These design elements are used by countless other licensees and apparel vendors and are not exclusive to any one company.

18.     FOCO sells these products in packaging and with labeling that prominently features FOCO's name and branding, making clear to consumers who manufactured the product. The primary source-identifying elements for the apparel are the licensed team logos and names; the surrounding ornamental design elements serve purely decorative purposes and do not function as trade dress, nor do they identify GV Art (or any other third party) as the source.

## II.  GV Art's Business

19.     GV Art markets itself as a boutique creative studio founded by members of the same family, specializing in original sports-themed artwork, apparel, and related merchandise.

20.     Upon information and belief, GV Art offers its apparel primarily through its own website, gvartwork.com, and three brick and mortar stores in Ohio. GV Art's product offerings frequently incorporate the names, logos, and imagery of professional teams, universities, and other sports-related properties. Many of these products display large, front-of-shirt graphics designed to appeal to fans of particular teams or cities.

21.     In this dispute, GV Art claims that certain FOCO t-shirt designs infringe GV Art's "trade dress" rights. However, GV Art has refused to identify the elements of its alleged trade dress despite multiple requests from FOCO. Instead, GV Art has broadly asserted that FOCO's "Nation," "Circle Vintage," "Triangle Vintage," and "Retro Logo Mascot" collections infringe GV Art's proprietary rights, without articulating the combination of features, colors, shapes, layouts, or design elements that purportedly serve as source identifiers for GV Art.

22.     GV Art's refusal to specify its claimed trade dress, coupled with its demand for an inflated lumpsum monetary payment and threats of litigation, has created a real and immediate controversy over FOCO's right to continue manufacturing and selling its licensed merchandise in the decorative styles challenged by GV Art.

## III.  GV Art's Demand Letter and Threats

23.     On September 25, 2025, GV Art's counsel, Flannery | Georgalis, LLC, sent FOCO a formal demand letter alleging that FOCO's T-Shirt illustration designs infringed GV Art's purported trade dress rights under §?43(a) of the Lanham Act, 15 U.S.C. §?1125(a), violated the Ohio Deceptive Trade Practices Act, and constituted "Unfair Competition" under federal law. GV

Art's letter identified four FOCO product collections as allegedly infringing: (i) "Nation" T Shirt Series; (ii) "Circle Vintage" T Shirt Series; (iii) "Triangle Vintage" T Shirt Series; and (iv) "Retro Logo Mascot" T Shirt Series.

24.     GV Art asserted that FOCO copied the trade dress in GV Art's designs and demanded that FOCO immediately remove the accused products from commerce, preserve all related documents, and cease any further use of the claimed designs. GV Art also threatened litigation

25.     FOCO denies that it has infringed any protectable trade dress or other intellectual property rights held by GV Art. FOCO requested clarification regarding the specific elements composing GV Art's alleged trade dress, but GV Art refused to provide any definition. Instead, GV Art escalated its demands by requiring removal of FOCO's products and payment of an unreasonably large lumpsum amount by November 5, 2025, warning that the amount would "increase significantly" if litigation ensued. GV Art has never identified the colors, shapes, graphic arrangements, or other design elements that constitute its alleged trade dress.

### IV.  The Accused Foco Designs

26.     GV Art's September 25, 2025 demand letter alleges that four categories of FOCO apparel infringe GV Art's purported trade dress: the "Nation" T-Shirt series, the "Circle Vintage" T-Shirt series, the "Triangle Vintage" T-Shirt series, and the "Retro Logo Mascot" T-Shirt series.

27.     FOCO designs, creates, and sells these products under valid licenses with the relevant sports leagues, universities, or other rights holders. Each product incorporates the official name, logo, and/or mascot of a team, as authorized by FOCO's licenses. Each graphic arrangement serves as an aesthetic decoration for fan apparel and is part of widely used, common styles in the licensed sports merchandise industry.

28.     "Nation" T-Shirt Series (pictured below):



a.      Features the phrase "[TEAM NAME] Nation" in large block lettering.

b.      Incorporates licensed team logos, mascots, and colors, often with additional decorative elements such as stylized state outlines, patterns, or graphic accents.

29.     "Circle Vintage" T-Shirt Series (pictured below)



     a.       Shows the name of a university or team arranged in a circular layout surrounding the official team logo.

     b.       Often includes additional text such as "Established [Year]" or "University of [Team]".

     c.       Circular text around a central logo is a long-standing style element commonly used in collegiate merchandise by numerous vendors.

30.     "Triangle Vintage" T-Shirt Series (pictured below)



Kansas Jayhawks **Triangle Vintage** T-Shirt
$29

Colorado Buffaloes **Triangle Vintage** T-Shirt
$29

Arkansas Razorbacks **Triangle Vintage** T-Shirt
$29

Baylor Bears **Triangle Vintage** T-Shirt
$29

     a.       Presents the team name in bold lettering above a large triangle motif containing the official mascot or logo.

     b.       Includes retro-style stripes or accent shapes crossing the design horizontally.

     c.       Triangle/geometric framing devices are a well-known decorative style in athletic merchandising, especially "vintage" themed collections.

31.     "Retro Logo Mascot" T-Shirt Series (pictured below)



a.      Features vintage-style illustrations of licensed team mascots, often paired with block collegiate lettering and secondary logos.

b.      All mascots and logotypes are used with authorization through FOCO's licenses.

c.      The "retro" mascot style is a popular nostalgic design trend in fan merchandise, visible across multiple brands.

32.     FOCO sells each of these apparel products under its own FOCO branding, with hangtags, internal labeling, and online product listings identifying FOCO as the manufacturer. The primary purpose of these designs is decorative; they are intended to celebrate the licensed teams and appeal to fans, not to signal GV Art as the source of the goods. The styles and graphic arrangements in the accused products are widely used in the industry and have been employed by many competitors over decades of sports merchandising.

**V. Industry Commonality**

33.     For decades, the licensed sports merchandise industry has widely used the types of design elements and arrangements that appear in FOCO's accused products. Geometric framing devices such as circles and triangles, nostalgic "retro" mascot illustrations, and fan slogans like "[TEAM NAME] Nation" are common formats employed by numerous unrelated apparel companies to decorate t-shirts, sweatshirts, and other fan gear.

34.     Commonplace design elements (such as slogan apparel, circular logo layouts, geometric vintage styling, and vintage mascot artwork) are ubiquitously used by many vendors without reference to GV Art, and consumers seeing such graphics identify the licensed teams as the source of goodwill, not GV Art as the producer. Because these styles are commonplace and widely used by multiple manufacturers in the marketplace, no single company in the industry can monopolize them through a claim of trade dress rights. No reasonable consumer would ascribe any of the foregoing design elements as representing only one source.

## VI.  GV Art's Refusal to Identify Trade Dress

35.     For decades, the licensed sports merchandise industry has widely used the types of design elements and arrangements that appear in FOCO's accused products. Geometric framing devices such as circles and triangles, nostalgic "retro" mascot illustrations, and fan slogans like "[TEAM NAME] Nation" are common formats.

36.     At no point during its communications with FOCO has GV Art identified any elements of its purported trade dress. FOCO has repeatedly asked GV Art to describe the precise features that it claims constitute protectable trade dress so that FOCO could understand and evaluate the claim. In fact, GV Art's repeated response to the forgoing request has been intentionally unresponsive, leaving FOCO without a clear idea as to the elements of infringement for which it is being accused.

37.     In its September 25, 2025 demand letter, GV Art merely listed entire FOCO product collections by name without delineating any distinctive combination of design features that allegedly serve as source identifiers for GV Art. During follow-up communications, GV Art's counsel stated that identifying the claimed trade dress would "disclose their entire case" and declined to elaborate.

38.     This refusal leaves FOCO unable to determine with certainty the scope of GV Art's

claims or to assess whether any of FOCO's products could allegedly infringe those claims. Without

a clear definition of the alleged trade dress, FOCO cannot make informed business decisions about

current stock, future designs, or licensing relationships without risk of further unfounded

allegations.

39.     GV Art's unfounded accusations, coupled with its monetary demands and stated

intent to commence a civil action for trade dress infringement, have created a real and immediate

controversy under the Declaratory Judgment Act. FOCO brings this action to obtain judicial

clarification of its rights and confirmation that it has not infringed any protectable trade dress or

other intellectual property rights belonging to GV Art.

40.     Moreover, even if GV Art's designs were similar in appearance to FOCO's accused

products, such designs are not protectable trade dress under the Lanham Act. The graphics in GV

Art's products consist of decorative front-of-shirt designs incorporating team names, logos,

mascots, geometric shapes, and common fan slogans (elements that are widely and regularly used

throughout the licensed sports merchandise industry by numerous unaffiliated manufacturers).

These features serve ornamental and aesthetic purposes and do not function as indicators of source.

GV Art has not alleged, and cannot establish, that any such designs are inherently distinctive or

have acquired secondary meaning in the minds of consumers as a symbol of GV Art. To the

contrary, consumers encountering such designs identify the goodwill and origin with the team

depicted, not with GV Art. Absent inherent distinctiveness or acquired secondary meaning, and

given the widespread, functional use of these design motifs in commerce, GV Art's alleged trade

dress is not entitled to protection as a matter of law

## VII.  Harm to FOCO

41.     GV Art's allegations, refusal to define its claimed trade dress, and threats of litigation have placed FOCO under a cloud of legal uncertainty that directly impacts its business operations. Defendant GV Art has made it all but clear that there is a justiciable controversy in its September 25 demand letter, asserting that litigation is imminent: "[w]e will provide you with a courtesy copy of our complaint once it is filed."

42.     Without judicial clarification of its rights, FOCO faces the risk that GV Art could initiate litigation at any time, as it has threatened in writing, forcing FOCO to divert resources from its lawful business activities to defend against baseless claims. The uncertainty surrounding GV Art's purported trade dress claims, particularly given GV Art's refusal to identify any elements of the alleged trade dress, interferes with FOCO's ability to plan, produce, and market new designs, to maintain inventory, and to meet commitments to its licensors and retail partners.

43.     GV Art's demand that FOCO pay an unfounded lumpsum amount to resolve the allegations, coupled with the threat that this amount would "increase significantly" upon litigation, places undue financial pressure on FOCO to capitulate despite the absence of any legally cognizable claim. Absent declaratory relief, FOCO would be forced either to remove lawfully licensed ornamental designs from commerce, at substantial cost and disruption, or to operate in continual fear of unfounded infringement suits.

44.     FOCO has no adequate remedy at law for this ongoing uncertainty and disruption. A judicial declaration that GV Art has no protectable trade dress in the asserted designs and that FOCO does not infringe any trade dress rights of GV Art is necessary to resolve this controversy and permit FOCO to continue marketing its licensed products without further interference from GV Art's baseless allegations.

## VIII.  Claim for Relief

### (Declaratory Judgment)

45.    Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 44 above as though fully set forth herein.

46.    GV Art's September 25, 2025 demand letter alleges that FOCO's "Nation," "Circle Vintage," "Triangle Vintage," and "Retro Logo Mascot" T-Shirt collections infringe GV Art's purported trade dress and constitute unfair competition under § 43(a) of the Lanham Act.

47.    GV Art has failed and refused to identify any elements of its claimed trade dress, including the combination of shapes, colors, layouts, graphics, and other visual components that allegedly serve as source identifiers for GV Art.

48.    The designs in FOCO's accused products are ornamental sports-themed graphics incorporating licensed team names, logos, mascots, and colors, presented in common arrangements such as circle formations, geometric frames, nostalgic mascot illustrations, and fan slogans. These design formats are widely used in the licensed sports merchandise industry by numerous unrelated manufacturers and cannot constitute trade dress under U.S. trademark law.

49.    Because GV Art has no rights in any protectable trade dress associated with the accused products, FOCO cannot infringe any such rights.

50.    Even if GV Art owned protectable trade dress in any alleged design features, FOCO's accused products would not be likely to cause confusion among ordinary consumers as to source, sponsorship, or affiliation. FOCO sells its products under its own branding, labeling, and packaging, and in authorized retail channels, prominently using official team marks under license.

14

51.     As a result of the foregoing, Plaintiff is entitled to a declaratory judgment that (i) GV Art owns no protectable trade dress in the designs at issue; and (ii) FOCO has not infringed GV Art's trade dress under 15 U.S.C. § 1125(a).

52.     Plaintiff has no other adequate remedy at law.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.     *Declaratory Relief (No Protectable Trade Dress).* A declaration that GV Art has no protectable trade dress in the designs alleged in its September 25, 2025 demand letter, including FOCO's "Nation," "Circle Vintage," "Triangle Vintage," and "Retro Logo Mascot" collections.

B.     *Declaratory Judgment (No Trade Dress Infringement).* A declaration that FOCO's accused products do not infringe any trade dress rights of GV Art under 15 U.S.C. § 1125(a).

C.     *Declaratory Judgment (No Unfair Competition).* A declaration that FOCO's accused products do not constitute unfair competition under § 43(a) of the Lanham Act.

D.     *Injunctive Relief.* An order enjoining GV Art from bringing or threatening legal action against FOCO based on the allegations in its September 25, 2025 demand letter or substantially similar claims regarding FOCO's licensed merchandise that incorporates ornamental and industry-common designs.

E.     *Attorneys' Fees and Costs.* An award of Plaintiff's reasonable attorneys' fees and costs as permitted by law;

F.      *Further Relief*. Such other and further legal or equitable relief, including "further

necessary or proper relief" as the Court deems just and proper to fully remedy Defendant's conduct

and prevent recurrence.

Dated: New York, New York                    FOLEY & LARDNER LLP
        November 6, 2025


By:  */s/ Christopher A. DeGennaro*
     Christopher A. DeGennaro, Esq.
       (NJ Bar No. 163342015)
     Robert Weisbein, Esq
       (*pro hac vice* admission to be sought)
     Arian Jabbary, Esq.
       (*pro hac vice* admission to be sought)
     FOLEY & LARDNER LLP
     90 Park Avenue
     New York, New York 10016-1314
     Telephone:  (212) 682-7474
     Facsimile:  (212) 687-2329
     E-mail:       <cdegennaro@foley.com>
                     <rweisbein@foley.com>
                     <ajabbary@foley.com>

     *Attorneys for Plaintiff Team Beans, L.L.C.*
       *d/b/a Forever Collectibles*

16